UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIO CUELLO GUERRIDO,

                    Plaintiff,

          -against-

C.O. NINA JR.; SARGT BOYD JR.; C.O. JOHN
DOE #1; C.O. JOHN DOE #2; SPT MARK
MILLER; NURSE HEADY; HUMAYUNK
ISLAM MD DIRECTOR; N.Y.S. C.O. AND
POLICE BENEVOLENT ASSOCIATION;
MOHAMMAD AKHTER MD,

                    Defendants.

**ORDER OF SERVICE**

26-CV-02598 (PMH)

PHILIP M. HALPERN, United States District Judge:

Plaintiff, who currently is incarcerated at Green Haven Correctional Facility ("Green Haven"), brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that Defendants used excessive force against him, failed to protect him, and provided him with inadequate medical care. Named as Defendants are (1) Green Haven Correction Officer Nina, Jr. ("Nina"); (2) Green Haven Sergeant Boyd Jr. ("Boyd"); (3) two Green Haven John Doe Correction Officers; (4) Green Haven Superintendent Mark Miller ("Miller"); (5) Green Haven Nurse Heady ("Heady"); (6) Humayun K. Islam, MD, of the Westchester Medical Center ("Islam"); (7) the New York State Correction Officer and Police Benevolent Association ("NYSCOPBA"); and (8) Green Haven doctor Mohammad Akhter, MD ("Akhter"). (*See generally* Doc. 1, "Compl.").

By order dated May 7, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] (Doc. 6). For the reasons set forth below,

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

the Court (1) dismisses with leave to amend Plaintiff's claims against Miller, Boyd, Islam, and the NYSCOPBA; (2) directs service on Nina, Heady, and Akhter; (3) directs the New York State Attorney General's Office to assist Plaintiff in identifying the two John Doe Correction Officers at Green Haven; and (4) directs Defendants to comply with Local Civil Rule 33.2.

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

## DISCUSSION

I.  Claims against Miller, Boyd, Islam, and the NYSCOPBA

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). The Court need not accept, however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded

2

factual allegations, the court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (internal quotation marks omitted)). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official[.]" *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff's only allegations with respect to Miller are that, on June 7, 2024, he sent Miller a letter asking "to discuss" the December 1, 2023 use of force against Plaintiff, and that Miller "never responded" to Plaintiff's letter and "denied [his] grievance." (Compl. at 10). These bare allegations do not plausibly suggest a viable federal claim against Miller. To the extent Plaintiff is asserting that, by failing to respond to his letter, Miller violated his right to petition the government under the First Amendment, he fails to state a claim because the right to petition does not mean that there is a right to a response. *See Minn. State Bd. for Cmty. Colls. v. Knight*, 465 U.S. 271, 285 (1984) ("Nothing in the First Amendment or in this Court' s case law interpreting it suggests that the right[] to . . . petition require[s] government policymakers to listen or respond to individuals' communications on public issues."). Furthermore, without additional allegations suggesting

3

involvement in an underlying constitutional violation, "affirming or denying a grievance is insufficient to show personal involvement for purposes of liability under § 1983." *Nunez v. Donahue*, No. 12-CV-01071, 2015 WL 13744630, at *16 (N.D.N.Y. Nov. 23, 2015); *see also Murrell v. Wolcott*, No. 22-CV-06019, 2023 WL 1205235, at *5 (W.D.N.Y. Feb. 13, 2023) ("[E]ven before *Tangreti*[, 983 F.3d at 620], denying a prisoner's grievance, without more, was insufficient . . . to establish the requisite personal involvement for purposes of § 1983." (internal quotations and citation omitted)); *Keitt v. Schun*, No. 11-CV-00438, 2014 WL 347053, at *8 (W.D.N.Y. Jan. 30, 2014) (holding that merely affirming denial of a plaintiff's grievance is insufficient to establish personal involvement under § 1983); *Joyner v. Greiner*, 195 F. Supp. 2d 500, 506 (S.D.N.Y. 2002) ("The fact that Superintendent Griener affirmed the denial of plaintiff's grievance—which is all that is alleged against him—is insufficient to establish personal involvement[.]"). Thus, Plaintiff fails to state a Section 1983 claim against Miller.

With respect to Boyd, Plaintiff alleges that, while boarding a bus, he called Boyd's name "5 to 8 times," but that Boyd ignored him. (Compl. 1 at 8). When Plaintiff was able to get Boyd's attention, Boyd told Plaintiff that he did not "have . . . time." (*Id.*) Plaintiff asserts, without supporting detail, that Boyd "den[ied his] complaint because he was aware" that Plaintiff was allegedly assaulted by a correction officer. (*Id.*) These allegations, without any context or supporting facts, do not suggest a viable federal claim against Boyd.

With respect to the NYSCOPBA, Plaintiff asserts that it has "for many years" covered up assaults, harassment, retaliation, and "murders" by its member officers. (Compl. at 12). Plaintiff alleges no facts describing what actions or omissions NYSCOPBA took or did not take with respect to Plaintiff personally that violated his federal rights.[2]

---

[2] Moreover, courts have held that "[u]nions representing public employees 'generally are not state actors.'" *Gleason v. Scopetta*, 566 F. App'x 65, 69 (2d Cir. 2014) (quoting *Ciambriello v. Cnty. of Nassau*, 292 F.3d

4

Finally, while Islam is listed as the Director of the Department of Pathology and Clinical Laboratories at the Westchester Medical Center on a document Plaintiff attaches to the complaint (Compl. at 79), Plaintiff alleges no facts describing how Islam was involved in the events underlying his claims.

The Court therefore dismisses Plaintiff's claims against Miller, Boyd, the NYSCOPBA, and Islam for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants Plaintiff 30 days' leave to replead his claims against these defendants in an amended complaint, stating facts suggesting that they were personally involved in depriving him of a right secured by federal law. The amended complaint will replace, not supplement, the original complaint. Accordingly, all facts and claims that Plaintiff wishes to assert must be contained in his amended complaint.

## II. *Valentin* Order

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the New York State Department of Corrections and Community Supervision ("DOCCS") to identify the two John Doe Correction Officers stationed at Green Haven in December 2023. The New York State Attorney General's Office, which is the attorney for and agent of DOCCS, is therefore directed to ascertain the identity and badge number of each John Doe whom Plaintiff seeks to sue here and the address where each defendant may be served.

---

307, 323 (2d Cir. 2002)); *see also Kern v. City of Rochester*, 93 F.3d 38, 43 (2d Cir. 1996) (labor union representing public employees is not a state actor; union's president "performed functions solely for the benefit of the union, not for the benefit of the City"); *Hopkins v. Seabrook*, No. 14-CV-00600, 2015 WL 685220, at *2 (S.D.N.Y. Feb. 18, 2015) ("Labor unions, such as [the Correction Officer' Benevolent Association], and their officials are generally not state actors." (citations omitted)).

The Attorney General's Office shall provide this information to Plaintiff and the Court within sixty days of the date of this order.

The Court will deem the Amended Complaint further amended once the proper parties are identified. Additionally, the Court will, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for the properly-named defendants and deliver all documents necessary to effect service to the U.S. Marshals Service.

III. Service on Nina, Heady, and Akhter

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[3] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants Nina, Heady, and Akhter through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63

---

[3] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

(2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

IV. Local Civil Rule 33.2

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[4]

**CONCLUSION**

The Court dismisses Plaintiff's claims against Boyd, Miller, the NYSCOPBA, and Islam for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead. The Clerk of Court is respectfully directed to terminate these defendants.

The Clerk of Court is directed to issue summonses for Defendants Nina, Heady, and Akhter, complete the USM-285 form with the address for each of these defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service. The Clerk of Court is directed to mail an information package to Plaintiff. Local Civil Rule 33.2 applies to this action.

The Clerk of Court is further directed to mail a copy of this order and the complaint to New York State Attorney General's Office at: New York Attorney General, Managing Attorney's Office,

---

[4] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

28 Liberty Street, 16th Floor, New York, NY, 10005. An amended complaint form is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated:   White Plains, New York
         May 13, 2026

_____
PHILIP M. HALPERN
United States District Judge

8

**SERVICE ADDRESS FOR EACH DEFENDANT**

1.    Correction Officer Nina, Jr.
      Green Haven Correctional Facility
      594 Route 216
      Stormville, NY 12582

2.    Nurse Heady
      Green Haven Correctional Facility
      594 Route 216
      Stormville, NY 12582

3.    Mohammad Akhter, MD
      Green Haven Correctional Facility
      594 Route 216
      Stormville, NY 12582

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.

-against-

_____

_____

_____

Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____
(Include case number if one has been
assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes      ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

## I.  BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐    **Federal Question**

☐    **Diversity of Citizenship**

### A.  If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.  If you checked Diversity of Citizenship

#### 1.  Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
              (Plaintiff's name)

_____

(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____ , is a citizen of the State of
(Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____ , is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____

First Name                Middle Initial        Last Name

_____

Street Address

_____

County, City                          State                      Zip Code

_____

Telephone Number                      Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                    Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                    State                    Zip Code

Defendant 2:

First Name                    Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                    State                    Zip Code

Defendant 3:

First Name                    Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                    State                    Zip Code

Defendant 4:

_____

First Name                    Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                  State          Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

### FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Page 5

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | | Plaintiff's Signature |
|---|---|---|

| First Name | Middle Initial | Last Name |
|---|---|---|

Street Address

| County, City | State | Zip Code |
|---|---|---|

| Telephone Number | Email Address (if available) |
|---|---|

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.